[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10284

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00791-HLA

GARY RAY BOWLES,

                                        Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                        Respondents-Appellees.

-----------------------
On Appeal from the United States District Court
for the Middle District of Florida
-----------------------

**(June 18, 2010)**

Before TJOFLAT, BLACK, and CARNES, Circuit Judges.

CARNES, Circuit Judge:

A man named Walter Hinton made the mistake of allowing Gary Ray Bowles to move into his mobile home in Jacksonville, Florida. One night after they had smoked marijuana and drunk beer, Hinton went to his room and fell asleep. Bowles "went outside and picked up a concrete block, brought it inside the mobile home, and set it on a table." Bowles v. State, 716 So. 2d 769, 770 (Fla. 1998). "After thinking for a few minutes," Bowles picked up the concrete block, went into Hinton's room, and "dropped" it on his head. Id. The force of the blow fractured Hinton's face from cheek to jaw. Id. While Hinton was lying on the floor conscious, Bowles started strangling him. Id. He then stuffed toilet paper down Hinton's throat and shoved a rag into his mouth. Hinton smothered to death. Id.

Bowles pleaded guilty to first degree murder and a jury recommended that he be sentenced to death, which the trial court did. Id. The Florida Supreme Court affirmed the conviction but reversed the sentence after determining that the trial court had erred in allowing the jury to hear that the victim was gay and that Bowles hated homosexuals. Id. at 773. At the resentencing proceeding, another jury recommended death and the trial court again imposed that sentence. Bowles v. State, 804 So. 2d 1173, 1175 (Fla. 2001). One of the dozen claims that Bowles raised on appeal from that new sentence was that "the trial court erred in allowing

the use of peremptory challenges to remove prospective jurors who were in favor

of the death penalty but would only impose it under appropriate circumstances."

Id. at 1176.  The Florida Supreme Court rejected that claim on the merits.  Id. at

1177 (citing San Martin v. State, 705 So. 2d 1337, 1343 (Fla. 1997) ("[T]he State

may properly exercise its peremptory challenges to strike prospective jurors who

are opposed to the death penalty, but not subject to challenge for cause.")).

Finding no merit in any of Bowles' other claims either, the Florida Supreme Court

affirmed his death sentence.  Bowles, 804 So. 2d at 1184.

After unsuccessfully seeking post-conviction relief in state court, Bowles v.

State, 979 So. 2d 182, 186 (Fla. 2008), Bowles filed a petition for habeas corpus

relief under 28 U.S.C. § 2254 in federal district court.  That court denied relief on

all of  Bowles' claims, but issued a certificate of appealability on:

> the claim that [Bowles'] rights under the Sixth and Fourteenth
> Amendments were denied, i.e., his right to an impartial jury and his
> due process right to a jury from which no jurors have been
> systematically removed by the state, when the state used peremptory
> challenges to remove prospective jurors who, while in favor of the
> death penalty, expressed reservations about recommending capital
> punishment.

Doc. 18 at 58.[1]  Bowles' petition to this Court for an expanded Certificate of

---

[1] In his initial brief to this Court, Bowles states the issue as whether his "Due Process,
Equal Protection, and Right to an Impartial Jury under the Fifth, Sixth, and Fourteenth
Amendments were violated when the prosecution intentionally utilized its peremptory strikes on

3

Appealability was denied.

Bowles does not cite any decision of any court anywhere that establishes any of the rights he is claiming in connection with the prosecutor's use of peremptory strikes to remove jurors who have reservations about the death penalty but are not removable for cause under Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770 (1968). He concedes that the rights he is claiming are not to be found in any decisions of the Supreme Court or of this Court. In the Statement Regarding Oral Argument part of his brief, Bowles acknowledges that "the instant issues are of great constitutional importance, and have not been decided by this court and the U.S. Supreme Court." Br. of Petitioner at iii. The second clause of that statement shows why Bowles' claims cannot succeed. Actually, it is more than enough to show that, because even if there were some decision of this Court in his favor Bowles would still lose in the absence of a Supreme Court decision clearly establishing the rights he asserts.

Under § 2254(d)(1) habeas relief may be granted only when the state courts' adjudication of his federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

eight 'death scrupled jurors,' in contemplation for service, solely for the penalty phase of trial." Br. of Petitioner at 15.

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1419 (2009). And federal law is "clearly established" only when it is "embodied in a holding" of the Supreme Court. Thaler v. Haynes, ___ U.S. ___, 130 S.Ct. 1171, 1173 (2010) (per curiam). Dicta in Supreme Court opinions is not enough. Carey v. Musladin, 549 U.S. 70, 74, 127 S.Ct. 649, 653 (2006); Yarborough v. Alvarado, 541 U.S. 652, 661, 124 S.Ct. 2140, 2147 (2004); Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 1172 (2003); Ramdass v. Angelone, 530 U.S. 156, 165–66, 120 S.Ct. 2113, 2119–20 (2000) (plurality opinion); Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523 (2000). Nor can anything in a federal court of appeals decision, even a holding directly on point, clearly establish federal law for § 2254(d)(1) purposes. Renico v. Lett, 130 S.Ct. 1855, 1865–66 (2010); see Carey, 549 U.S. at 74, 77, 127 S.Ct. at 652, 654; see also Hammond v. Hall, 586 F.3d 1289, 1340 n.21 (11th Cir. 2009) ("The Supreme Court has also instructed us not to look to lower court decisions when we are deciding what is clearly established federal law for § 2254(d)(1) purposes.").

To the extent that Bowles' claim involves the Sixth and Fourteenth Amendment right to an impartial jury, the go to decision is <u>Witherspoon</u>, but Bowles cannot get there. A measure of how far away the actual state of the law is from the aspirations of his claim can be seen in an opinion of a former Justice lamenting the fact that <u>Witherspoon</u> and the decisions applying it have not restricted the use of peremptory strikes to remove jurors with reservations about the death penalty. In the course of dissenting from the Court's holding refusing to extend the <u>Witherspoon</u> decision in another way, Justice Marshall acknowledged that: "<u>Witherspoon</u> placed limits on the State's ability to strike scrupled jurors for cause, unless they state unambiguously that they would automatically vote against the imposition of capital punishment no matter what the trial might reveal. It said nothing, however, about the prosecution's use of peremptory challenges to eliminate jurors who do not meet that standard and would otherwise survive death qualification." <u>Lockhart v. McCree</u>, 476 U.S. 162, 190–91, 106 S.Ct. 1758, 1774 (1986) (Marshall, J., joined by Brennan & Stevens, JJ., dissenting) (alteration, citation, and quotation marks omitted)); <u>see also</u> <u>Brown v. North Carolina</u>, 479 U.S. 940, 107 S.Ct. 423, 424–27 (1986) (Brennan, J., joined by Marshall, J., dissenting from denial of cert.) (acknowledging that <u>Witherspoon</u> applies only to challenges for cause and disagreeing with the Court's refusal to consider

extending it to peremptory challenges); id., 107 S.Ct. at 424 (O'Connor, J., concurring in denial of cert.) ("Permitting prosecutors to take into account the concerns expressed about capital punishment by prospective jurors, or any other factor, in exercising peremptory challenges simply does not implicate the concerns expressed in Witherspoon."). The Sixth and Fourteenth Amendments impartial jury aspect of Bowles' claim fails to make it past the § 2254(d)(1) obstacle.

Seeking relief under the Equal Protection Clause, Bowles also contends that jurors with reservations about the death penalty are a distinctive group under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986), which is the go to decision on that subject. Batson was initially limited to race. Id. at 89, 106 S.Ct. at 1719. Although the Court has extended Batson to gender, it has drawn the line of application at distinctive groups entitled to heightened scrutiny in an equal protection analysis. See J.E.B. v. Ala. ex rel. T.B., 511 U.S. 127, 143, 114 S.Ct. 1419, 1429 (1994) ("Parties may also exercise their peremptory challenges to remove from the venire any group or class of individuals normally subject to 'rational basis' review."). And the Supreme Court has never held that people who are less than wholehearted supporters of the death penalty are a protected class subject to heightened scrutiny for equal protection purposes.

The final facet of Bowles' claim is his contention that striking jurors who

are hesitant to vote for death violated his Sixth Amendment right to a jury drawn from a fair cross-section of the community (he phrases it in "representative sample" terms). Not only is that part of the claim unsupported by any holding of the Supreme Court, it is actually contrary to the decision in Holland v. Illinois, 493 U.S. 474, 110 S.Ct. 803 (1990). That decision held that the Sixth Amendment does not prohibit "the exclusion of cognizable groups through peremptory challenges." Id. at 478, 110 S.Ct. at 806. As the Holland Court explained, "[a] prohibition upon the exclusion of cognizable groups through peremptory challenges has no conceivable basis in the text of the Sixth Amendment, is without support in [the Supreme Court's] prior decisions, and would undermine rather than further the constitutional guarantee of an impartial jury." Id. For our purposes, that means Bowles' claim would not have a chance of succeeding even if it were not hobbled by § 2254(d)(1).

Because clearly established federal law, as determined by holdings in Supreme Court decisions, does not prohibit prosecutors from using their peremptory strikes to remove venire members who are not ardent supporters of the death penalty, the district court correctly denied Bowles relief on this claim.

**AFFIRMED.**